UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GORDON E. LINDSTROM,

Plaintiff,

v.

SEQUIM ASSET SOLUTIONS LLC,

Defendant.

Case No. C21-0894-DGE-SKV

REPORT AND RECOMMENDATION

I. INTRODUCTION

Plaintiff Gordon E. Lindstrom initially filed this civil action on May 28, 2021, in Snohomish County District Court, alleging Defendant Sequim Asset Solutions, LLC, unlawfully reported his disputed credit card balance to credit agencies. Dkt. 2-1 at 2. On July 2, 2021, Defendant removed the case to this Court, Dkt. 2, and subsequently moved to dismiss Plaintiff's claims, Dkt. 8. Plaintiff did not timely oppose Defendant's Motion and instead filed a Motion to Object, Remand, Make Whole, Dkt. 12, and a Motion for Leave to Amend and/or Relief from Expired Deadline, Dkt. 16. The parties dispute whether Plaintiff's claims give rise to federal question jurisdiction such that they are properly before this Court. *See generally* Dkt. 12; Dkt. 13. Further, Plaintiff asks the Court to make him whole for Defendant's improper removal of

this action. Dkt. 12 at 2. Having thoroughly considered the parties' briefing and the relevant record, the Court finds federal jurisdiction lacking, but concludes Plaintiff is not entitled to be made whole. As such, Plaintiff's Motion to Object, Remand, Make Whole, Dkt. 12, should be GRANTED IN PART and DENIED IN PART. Further, Defendant's Motion to Dismiss, Dkt. 8, and Plaintiff's Motion for Leave to Amend and/or Relief from Expired Deadline, Dkt. 16, should be DENIED as moot.

## II. BACKGROUND

Plaintiff, proceeding *pro se*, initially filed this matter in Snohomish County District Court's small claims court, alleging Defendant committed "wilful [sic] and intentional reporting to credit agencies disputed balance" in violation of the "WA Consumer Affairs Act" and "Washington State Consumer Collection Act." Dkt. 2-1 at 2. On July 2, 2021, Defendant removed the case to this Court, alleging Plaintiff's claims "clearly implicate" the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 –1692p, and therefore give rise to federal question jurisdiction. Dkt. 2 §§ 2–3. On July 14, 2021, Plaintiff filed a notice objecting to Defendant's removal in Snohomish County District Court. *See* 12-1 at 1–2.

Subsequently, on July 28, 2021, Defendant moved to dismiss this action, arguing that the allegations in Plaintiff's small claims Notice of Claim fail to meet the pleading standard required under the Federal Rules of Civil Procedure. Dkt. 8 at 4. Plaintiff did not timely oppose Defendant's Motion; however, on September 21, 2021, he filed a motion objecting to dismissal and asking the Court to remand the case to Snohomish County District Court.[1] *See* Dkt. 12. Per

[1] After retaining counsel, Plaintiff also filed a Motion for Leave to Amend and/or Relief from Expired Deadline, Dkt. 16, which Defendant opposes, Dkt. 17. In arguing for leave to amend his Notice of Claim, Plaintiff now indicates that, following an internal investigation by his counsel, he may plead

Plaintiff, his claims are based solely on violations of Washington State law—specifically, the Washington Consumer Protection Act, Chapter 19.86 RCW, and the Washington Collection Agency Act, Chapter 19.16 RCW—meaning they do not support federal question jurisdiction.[2] Dkt. 12-2 at 1–2. Plaintiff's Motion further asks the Court to make Plaintiff whole for Defendant's bad faith removal of this action. Dkt. 12 at 2. Defendant opposes Plaintiff's Motion, arguing Plaintiff's Notice of Claim alleges violations of federal law. Dkt. 13 at 3–4.

## III. DISCUSSION

A defendant may remove to federal district court any action brought in state court over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all actions presenting a "federal question"—i.e., actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether an action presents a federal question for the purpose of removal is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Under this rule, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) (citation omitted). To raise an issue of federal law, a federal question must appear on the face of the complaint, "unaided by the answer or by the petition for removal." *Gully v. First Nat. Bank,* 299 U.S. 109, 113 (1936) (citations omitted); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 9–10 (1983). Allegations of violations of

federal causes of action. Dkt. 16 at 6. Because the Court finds it lacks subject matter jurisdiction over Plaintiff's existing claims, however, it must remand this matter to Snohomish County District Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[2] Indeed, in arguing for leave to amend and/or relief from an expired deadline, Plaintiff reiterates that his Notice of Claim only alleges violations of state law. *See* Dkt. 16 at 9 ("And, Mr. Lindstrom did not expect the case to be removed because he did not expressly invoke any federal claims.").

federal law as part of a state law cause of action generally do not raise issues of federal law. *See Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 807–17 (1986).

A plaintiff, as master of the complaint, can preclude removal by choosing not to plead federal claims. *See Caterpillar*, 482 U.S. at 398–99. But a plaintiff cannot preclude removal by omitting important federal questions that are essential to the plaintiff's claims. *See Franchise Tax Bd.,* 463 U.S. at 22 (citation omitted). This is known as the "artful pleading doctrine," and it applies when "a plaintiff articulates an inherently federal claim in state-law terms." *Brennan v. SW. Airlines Co.,* 134 F.3d 1405, 1409 (9th Cir. 1998); *see also ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). Ultimately, the party seeking removal has the burden of establishing that federal jurisdiction exists, and the Court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).

Defendant argues that by alleging Defendant willfully and intentionally reported Plaintiff's disputed balance to credit agencies, Plaintiff's Notice of Claim alleges violations of federal law. Dkt 13 at 3–4. Per Defendant, this is true because the federal Fair Credit Reporting Act prohibits people from furnishing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate," Dkt. 13 at 4 (quoting 15 U.S.C. § 1681s-2(a)(1)(A)), which Defendant reads to prohibit credit agencies from reporting disputed debts. *Id.* By contrast, Washington's Collection Agency Act permits credit agencies to report disputed debts so long as they disclose that the debts are disputed. *Id.* at 3 (citing RCW 19.16.250(10)(a)). Defendant therefore contends that because Plaintiff is not challenging its failure to report that the debt is disputed, but instead is challenging the fact that Defendant reported the debt at all, Plaintiff cannot allege violations of

Washington law. *Id*. at 3–4. Defendant further contends that its communications with Plaintiff following Defendant's removal of this action make clear that Plaintiff is bringing federal claims because in those communications, Plaintiff noted that Defendant failed to comply with a debt validation requirement that only arises under federal law and failed to explicitly proclaim that he is only bringing state law claims. *Id.* at 4–5.

The Court is not persuaded by Defendant's position. On its face, Plaintiff's Notice of Claim only alleges violations of the "WA Consumer Affairs Act" and the "Washington State Consumer Collection Act." Dkt. 2-1 at 2. While neither Act exists, Plaintiff has since clarified that he is bringing claims exclusively under the Washington Consumer Protection Act and the Washington Collection Agency Act—both of which do exist. Dkt. 12-1 at 1–2; Dkt. 12-2 at 1–2. Defendant makes a case for why Plaintiff's Notice of Claim actually presents issues of federal law. Dkt. 13 at 3–4. But in order for an action to present federal issues such that federal jurisdiction is proper, a federal question must appear on the face of the complaint, unaided by any assistance from the defendant. *See Gully,* 299 U.S. at 113. Here, no such question exists on the face of the Notice of Claim.

Further, the allegations that Defendant contends present a federal question—that Defendant willfully and intentionally reported Plaintiff's disputed balance to credit agencies—are, at best, ambiguous. While they could state a claim under the Fair Credit Reporting Act, as Defendant alleges, they could also inartfully attempt to allege violations of Washington's Collection Agency Act, as Plaintiff (who was proceeding *pro se* at the time he drafted his Notice of Claim) contends. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Further, as this Court has noted, "[f]ederal courts have repeatedly

held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Shelley's Total Body Works v. City of Auburn,* No. C07–0126–MJP, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007) (citations omitted). Faced with ambiguity in Plaintiff's Notice of Claim, the Court must defer to Plaintiff's interpretation of his claims. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (deferring to the plaintiff's interpretation of a complaint that was "the opposite of a model of clarity" because the complaint "c[ould] be read in the way [the plaintiff] assert[ed]"); *Polkey v. Waste Mgmt. of Washington, Inc.*, No. C09-0447-JCC, 2009 WL 1936257, at *3 (W.D. Wash. July 6, 2009) (same); *E. States Health & Welfare Fund v. Philip Morris, Inc.,* 11 F.Supp.2d 384, 393 (S.D.N.Y. 1998) ("[T]he principle that the plaintiff is master of the complaint also counsels in favor of construction in accordance with the representations of the plaintiffs . . . .").

Nor does the artful pleading doctrine assist Defendant here. Plaintiff, as master of his complaint, can choose to ignore his federal causes of action, so long as doing so does not run afoul of the artful pleading doctrine. *See, e.g., ARCO Env't Remediation, L.L.C.*, 213 F.3d at 1114. The artful pleading doctrine is only a "narrow exception to the straightforward rules of removal jurisdiction" which courts apply "only if the particular conduct complained of [is] governed exclusively by federal law." *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1372 (9th Cir. 1987) (cleaned up). While the facts underlying Plaintiff's claims arguably give rise to violations of federal law, they do not exclusively give rise to such violations. Thus, the artful pleading doctrine does not preclude Plaintiff from foregoing his federal claims.

Finally, while Defendant contends its post-removal communications with Plaintiff demonstrate that Plaintiff is bringing federal claims, this argument is unavailing. Defendant

notes that Plaintiff referenced Defendant's failure to comply with a debt validation requirement that arises under federal law, Dkt. 13 at 4–5; however, Plaintiff makes no reference to that failure or to the validation requirement itself in his Notice of Claim. Further, while Defendant contends Plaintiff has not indicated that he is only bringing state law claims, *id.* at 5, this is not supported by the record. Plaintiff provided as much in his notice objecting to removal, filed in Snohomish County District Court on July 14, 2021, *see* Dkt. 12-1 at 1–2, as well as in email communications with Defendant on July 12, 2021, *id.* at 4.

Because any doubts as to whether federal jurisdiction exists are resolved in favor of remanding an action to state court, and because Plaintiff's Notice of Claim is, at best, ambiguous as to whether it presents a federal question on its face, this matter should be remanded to Snohomish County District Court.

However, Plaintiff's request to be made whole as a result of Defendant's removal of this action should be denied. The Court construes this Motion as one for fees and costs under 28 U.S.C. § 1447(c). Under this provision, an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted). Given the ambiguity in Plaintiff's Notice of Claim, Defendant's reading of the allegations therein was not objectively unreasonable. *See Polkey*, 2009 WL 1936257, at *3. Plaintiff should therefore be denied his fees and costs.

/ / /

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Object, Remand, Make Whole, Dkt. 12, should be GRANTED IN PART and DENIED IN PART; Defendant's Motion to Dismiss, Dkt. 8, should be DENIED as moot; and Plaintiff's Motion for Leave to Amend and/or Relief from Expired Deadline, Dkt. 16, should be DENIED as moot.

## V. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 19, 2021**.

Dated this 3rd day of November, 2021.

S. KATE VAUGHAN
United States Magistrate Judge